(124 So. 284)

HOLMAN v. LATADY, ANDREWS & CO.
(4 Div. 443.)

Supreme Court of Alabama. Oct. 24, 1929.

T. M. Espy, of Dothan, for appellant.

Sollie & Sollie, of Ozark, for appellees.

SAYRE, J. Appellees recovered judgment against Allen Holman, had their judgment recorded and execution issued, which was levied on an automobile. Appellant, Mrs. Holman, filed a claim to the car, which, upon issue joined, was decided by a jury against the claimant, and she appeals.

The record presents nothing more serious than a few rulings on evidence which have been assigned for error.

■ The Holmans live in Ozark. The machine in suit was purchased from a dealer in Birmingham by a son of the Holmans, and paid for by the delivery of a cashier's check on the First National Bank of Dothan. Appellant offered to show by Allen Holman that his son told the dealer that "his mother's money was buying it [the car]." Without deciding whether this alleged declaration on the part of the son could have been in any case competent as going to prove the mother's ownership of the account with the bank in Dothan (McBride v. Thompson, 8 Ala. 653; Gibson v. Gaines, 198 Ala. 586, 73 So. 929), that being the thing on which in large part the dispute between the parties was made to turn, the clear inference was that the witness was merely repeating what he had been told and this, a little later, was confirmed by the testimony of the witness himself. This testimony was therefore hearsay, and was properly excluded.

■ On the cross-examination of the witness Allen Holman appellees were allowed to ask several questions which, if answered affirmatively, would have tended to show that the witness, defendant in execution, after learning that the sheriff had an execution against him, had driven the car away to Canada. The witness, denying any actual notice of the execution, explained his trip to Canada satisfactorily, it may be conceded (that is to say, satisfactorily so far as plaintiffs in execution may have thought to make it the basis of the notion that he was evading a levy by the sheriff); but the probative force and effect of this testimony was a matter for jury decision, plaintiffs were entitled to their cross-examination, thorough and sifting (Code, § 7731), and we are not prepared to say that the jury may not have rightly determined that so extensive a use of the machine by the husband tended to show ownership in him rather than in the wife, claimant. That was a question for the jury.

What we have said will suffice to disclose our opinion as to the merits of all the assignments of error.

The judgment must be affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.